UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE PARISH OF PLAQUEMINES | CIVIL ACTION |
| VERSUS | NO: 18-5238 |
| GOODRICH PETROLEUM CO., LLC, ET AL. | SECTION: "A" (4) |

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 72)** filed jointly by the plaintiff, the Parish of Plaquemines, and the plaintiff-intervenors the State of Louisiana, through the Louisiana Department of Natural Resources, Office of Coastal Management, and its Secretary, Thomas F. Harris, and the State of Louisiana *ex rel.* Jeff Landry, Attorney General. The Removing Defendants oppose the motion.[1] The motion, submitted for consideration on February 1, 2023, is before the Court on the briefs without oral argument.

For the reasons that follow, the Court concludes that the Motion to Remand should be GRANTED.

**I.   Background**

This case is one of thirty cases filed in state court against numerous oil companies under a Louisiana state law called the State and Local Coastal Resources Management Act of 1978, La. R.S. § 49:214.21, *et seq.*, ("SLCRMA"), along with the

---

[1] The Removing Defendants in this action are identified as Chevron U.S.A., Inc., ConocoPhillips Co., and Shell Oil Co. (Rec. Doc. 74, Opposition at 1).

state and local regulations, guidelines, ordinances, and orders promulgated thereunder. The SLCRMA regulates certain "uses" within the Coastal Zone of Louisiana through a permitting system and provides a cause of action against defendants who violate the permitting system.

Twenty-eight of the cases were filed by Plaquemines and Jefferson Parishes in 2013 and then removed to this Court on numerous grounds, including diversity, OCSLA, maritime and federal jurisdiction. Of those 2013 cases, the judges of this district designated *Plaquemines Parish v. Total Petrochemical & Refining USA, Inc.*, et al., 13-cv-6693, as the lead case. On December 1, 2014, this Court entered its Order and Reasons remanding the case to state court for lack of subject matter jurisdiction. *Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc.*, 64 F. Supp. 3d 872 (E.D. La. 2014). After that decision all of the other parish cases were eventually remanded by the judges presiding over them.

Following remand the cases progressed in state court until May 2018 when the defendants re-removed the cases on grounds of federal officer jurisdiction and federal question jurisdiction.[2] Although the SLCRMA did not go into effect until 1980, the

---

[2] Federal officer removal was a new theory supporting removal but federal question jurisdiction had been raised in the 2013 removals and rejected. As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal on the same ground. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). The prohibition against removal "on the same ground" does not concern the theory on which federal jurisdiction exists, *i.e.*, federal question or diversity jurisdiction, but rather the pleading or event that made the case removable. *Id.* (citing *O'Bryan v. Chandler,* 496 F.2d 403, 410 (10th Cir. 1974)). Even though the Court rejected federal question jurisdiction in 2014, the Removing Defendants identified a new basis for federal question jurisdiction when they re-removed the cases in 2018. That new basis has now been firmly rejected by the Fifth Circuit.

plaintiffs' allegations (as clarified by a preliminary expert report produced in 2018—the *Rozel* report) triggered the potential applicability of the statute's grandfathering provision, La. R.S. § 49:214.34(C)(2), which placed at issue pre-SLCRMA conduct, some of which occurred during World War II. The defendants were convinced that World War II-era activities opened up a new avenue for removal.

This time the judges of this district designated *Plaquemines Parish v. Riverwood Production Co., Inc., et al.*, 18-cv-5217, assigned to the late Judge Martin L.C. Feldman, as the lead case ("*Riverwood*"). This Court (like the other judges of this district) stayed the six cases assigned to it (including this one) pending the decision in *Riverwood*. A similar approach was adopted in the Western District of Louisiana because several SLCRMA cases had been removed in that district. The lead case chosen in the Western District of Louisiana was *Cameron Parish v. Auster Oil & Gas, Inc.,* 18-cv-0677 ("*Auster*").[3] The cases in this Court remained stayed pending the outcomes in *Riverwood* and *Auster*, at times over the plaintiffs' strenuous objections, which included seeking mandamus relief. The defendants had persuasively argued, when opposing the plaintiffs' motions to re-open the cases, that allowing *Riverwood* to proceed to conclusion before taking up any of the other motions to remand in the removed SLCRMA cases would be beneficial because the cases had common issues. (CA 18-5238—Rec. Doc. 54, Defendants' Opposition to Plaintiffs' Motion to Re-Open Case).

On May 28, 2019 Judge Feldman issued a comprehensive Order and Reasons in

---

[3] Most of the cases had been stayed previously at the defendants' behest because the defendants sought to have the Judicial Panel on Multidistrict Litigation coordinate proceedings in the various SLCRMA cases. The Panel denied the request.

*Riverwood* that explained his conclusion that the case should be remanded to state court—Judge Feldman was persuaded that the removal was untimely; and even if it was timely, the defendants had failed to establish that the requirements for federal officer removal jurisdiction were satisfied, or that the case involved any specific federal issue sufficient to support federal question jurisdiction. *Parish of Plaquemines v. Riverwood Prod. Co.*, No. 18-5217, 2019 WL 2271118 (E. D. La. 5/28/2019). The defendants appealed *Riverwood* and the Fifth Circuit consolidated it with the appeal in *Auster*, where the presiding judge had likewise granted the plaintiffs' motion to remand. Initially the Fifth Circuit affirmed Judge Feldman's decision based on timeliness grounds.[4] *Parish of Plaquemines v. Chevron USA, Inc.*, 969 F.3d 502 (5th Cir. 2020) (withdrawn and superseded). Although en banc rehearing was denied, the panel granted rehearing, withdrew its earlier opinion, and replaced it with one reversing on timeliness grounds, but affirming on the finding that no federal question jurisdiction existed to support subject matter jurisdiction. *Parish of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362 (5th Cir. 2021) ("*Plaquemines I*").

As to the potential for federal officer removal jurisdiction, the Fifth Circuit reversed Judge Feldman, not because he had erred, but solely because the en banc court had decided *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020), after Judge Feldman had issued his decision.[5] The Fifth Circuit remanded the

---

[4] Judge Robert R. Summerhays, who presided over *Auster*, had concluded that the removal was timely but that neither federal question jurisdiction nor federal officer removal jurisdiction applied. *Parish of Cameron v. Auster Oil & Gas Inc.*, 420 F. Supp. 3d 532 (W.D. La. 2019).

[5] As described by Judge Feldman, in *Latiolais* the Fifth Circuit "overhauled its federal-officer

*Riverwood* case to Judge Feldman to determine, now with the benefit of *Latiolais*, whether federal officer jurisdiction applied. *Plaquemines I*, 7 F.4th at 365.

Unpersuaded that *Latiolais* changed the outcome, Judge Feldman issued his decision finding once again that the defendants were not entitled to remove the case under federal officer removal, that the case did not belong in federal court, and that the motion to remand should be granted.[6]  *Parish of Plaquemines v. Riverwood Prod. Co.*, No. 18-5217, 2022 WL 101401, at *3 (E.D. La. Jan. 11, 2022). The Fifth Circuit affirmed. *Parish of Plaquemines v. Chevron USA, Inc.*, No. 22-30055, 2022 WL 9914869 (5th Cir. Oct. 17, 2022) ("*Plaquemines II*").

Thus, the Fifth Circuit has now finally resolved the jurisdictional issues in *Riverwood*.[7]  The Fifth Circuit has held that the removing defendants in *Riverwood* did not meet the "acting under" requirement for federal officer removal jurisdiction, and that their theories in support of that requirement lack merit.

---

jurisdictional test" by eschewing the "causal nexus" element of the test in favor of a new standard that encompassed a "broader and elusive" "related to" element. *Parish of Plaquemines v. Riverwood Prod. Co.*, No 18-5217, 2022 WL 101401, at *3 (E.D. La. Jan. 11, 2022).

[6] It is not surprising that *Latiolais* did not change the outcome in *Riverwood* because Judge Feldman's decision in *Riverwood* did not turn solely on the eschewed causal nexus element of federal officer removal. Rather, Judge Feldman had also explained why the removing defendants had not satisfied the "acting under" requirement for federal officer removal, and that requirement had not been affected by *Latiolais*.

[7] In *Auster*, Judge Summerhays concluded on remand that *Latiolais* did not change his decision as to federal officer removal as well. *Parish of Cameron v. Auster Oil & Gas, Inc.*, No. 18-cv-0677, 2022 WL 17852581 (W.D. La. Dec. 22, 2022). Judge Summerhays issued his decision after the Fifth Circuit had already affirmed Judge Feldman in *Plaquemines II*. *Auster* has been appealed but the appeal is in its infancy.

And although the defendants in *Riverwood* have petitioned the United States Supreme Court for a writ of certiorari on the issue of federal officer removal, the Fifth Circuit denied the *Riverwood* defendants' motion to stay issuance of the mandate pending action by the Supreme Court. The *Riverwood* mandate issued on December 15, 2022, and Judge Vance, who was assigned the case following Judge Feldman's death, remanded the *Riverwood* action to state court. Given that the Fifth Circuit refused to issue a stay in *Riverwood*, and as a result *Riverwood* itself has been returned to state court notwithstanding the pending writ application, any suggestion that the Court should defer ruling on the motions to remand in the other SLCRMA cases pending further litigation in federal court is not persuasive.[8]

The Court now turns to the Motion to Remand filed in this action.

## II.     Discussion

According to the plaintiffs, the relevant jurisdictional factual and legal issues presented in the present case are indistinguishable from the *Riverwood* case. In fact, to the extent that the facts of this case are distinguishable from *Riverwood*, the plaintiffs posit that they present an even *stronger* case for denial of federal officer removal jurisdiction because insofar as the Operational Area in this case is concerned, *the defendants did not conduct any oil and gas activities during World War II*.[9] After all, if

---

[8] The Court notes that some other judges in this district have elected to keep their SLCRMA cases stayed pending action by the Supreme Court. The Court has reviewed the petition for certiorari filed in the *Riverwood* case. The Court is persuaded that even if both questions presented in the petition were answered in the affirmative, it would not affect this case.

[9] The term "Operational Area" is used throughout the plaintiffs' petition to describe the geographic extent of the area within which the complained-of operations and activities *at*

federal officer jurisdiction was lacking in *Riverwood* which *did* involve wartime activities, it certainly could not apply to a case like this one that did *not* involve wartime activities.[10]

The bulk of the defendants' opposition to the motion to remand is devoted to preserving for appeal their arguments in light of their pending writ application in *Riverwood*. The balance of their opposition grasps on their Related Refinery Case argument, that even if meritorious, is not implicated in this case. Even if the Related Refinery Case argument had merit and rendered the ten cases implicated by that argument removable (three of which are before this Court),[11] removal jurisdiction in those cases would not extend to this separate civil action. The Court is aware of no aspect of federal jurisdiction (and the defendants point to none) that confers removability for companion cases that lack their own basis for federal jurisdiction.

In sum, *Riverwood* forecloses removal in this case which involves neither WWI era activities nor any defendant implicated by the Related Refinery Case argument. The defendants point to nothing in the more than 4200 pages of exhibits accompanying their opposition that suggests anything to the contrary. The defendants herein previously argued that this case should remain closed pending the conclusion of *Riverwood*

---

*issue in this action* occurred.

[10] The Court assumes the reader's familiarity with the *Plaquemines I* and *Plaquemines II* decisions, which explain in detail the Removing Defendants' theory of federal officer removal jurisdiction, which was grounded on oil production activities during World War II.

[11] To be clear, the Court is not suggesting that the Related Refinery Case argument has any merit whatsoever. The Court will consider the argument in more detail in conjunction with the motions to remand filed in the three cases assigned to it wherein the removing defendants contend that the issue is implicated; the issue is not implicated in this case.

because that decision would provide the controlling legal framework for this case. (Rec. Doc. 54, Defendants' Opposition to Motion to Re-Open). They were correct and assertions to the contrary following the unfavorable outcome in *Plaquemines II* are simply not persuasive. The Motion to Remand is therefore granted.

Accordingly and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 72)** filed jointly by the plaintiff, the Parish of Plaquemines, and the plaintiff-intervenors the State of Louisiana, through the Louisiana Department of Natural Resources, Office of Coastal Management, and its Secretary, Thomas F. Harris, and the State of Louisiana *ex rel.* Jeff Landry, Attorney General is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed.

February 14, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE
